IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

FILED
OCT 23 2008
WILLIAM B. GUTHRIE
Clerk, U.S. District Court
By_____
Deputy Clerk

SHELLEY L. JOHNSON, )
)
       Plaintiff, )
)
v. ) Case No. CIV-08-117-KEW
)
KLLM TRANSPORT SERVICES, INC.; )
and KLLM, INC., d/b/a KLLM )
TRANSPORT SERVICES, )
)
       Defendants. )

## OPINION AND ORDER

This matter comes before the Court on Defendant KLLM Transport Services, Inc.'s Motion to Dismiss filed April 16, 2008(Docket Entry #14) and Defendant KLLM, Inc. d/b/a KLLM Transport Services' Motion to Dismiss Plaintiff's Amended Complaint filed May 14, 2008 (Docket Entry #32). All responses and replies have been filed and the Motions are ripe for consideration.

On March 21, 2008, Plaintiff Shelley L. Johnson ("Johnson") filed her Complaint against Defendant KLLM Transport Services, Inc. only. Johnson contended that Defendant was her employer and had subjected her to sexual harassment, created a hostile work environment and retaliated against her for making complaints of a sexually hostile work environment, all in violation of Title VII. Johnson also asserted state law claims for negligent retention, negligent training, and negligent supervision.

Defendant KLLM Transport Services, Inc. ("KLLM Transport") filed a Motion to Dismiss, contending this Court lacks personal

jurisdiction over it. On April 18, 2008, Johnson filed an Amended Complaint, adding KLLM, Inc. d/b/a KLLM Transport Services ("KLLM") as a party defendant to this action. On May 14, 2008, KLLM Transport filed a Notice of Adoption of Prior Motion to Dismiss in relation to the Amended Complaint. Johnson filed a similar Notice on May 28, 2008 with regard to its response.

**Jurisdiction over KLLM Transport**

KLLM Transport seeks dismissal of the claims against it pursuant to Fed. R. Civ. P. 12(b)(2). KLLM Transport alleges this Court lacks personal jurisdiction over it, since Johnson has failed to prove it had the requisite minimum contacts with Oklahoma as the forum state.

Initially, Johnson bears the burden of establishing personal jurisdiction over KLLM Transport. American Land Program, Inc. v. Bonaventura Uitgevers Maatschappij, N.V., 710 F.2d 1449, 1454 (10th Cir. 1983). Typically, when evaluating a motion to dismiss based upon the lack of personal jurisdiction, the court considers the allegations in the complaint as true, to the extent they are not contradicted by affidavits. Id.; Behagen v. Amateur Basketball Association of U.S.A., 744 F.2d 731, 733 (10th Cir. 1984). However, where a plaintiff makes mere conclusory allegations and does not provide sworn statements to contradict the defendant's affidavit, plaintiff has failed to meet its threshold burden of establishing personal jurisdiction over that defendant. Id.

2

In support of its Motion, KLLM Transport appends the affidavit of James M. Richards, Jr., Director for KLLM Transport. In the affidavit, Mr. Richards states KLLM Transport (1) is a corporation formed under the laws of the State of Oklahoma; (2) has its principal place of business in the State of Mississippi; (3) does not conduct any business in the State of Oklahoma; (4) is the parent corporation of its wholly owned subsidiary KLLM, Inc.; (5) has no offices in the State of Oklahoma and owns no property in the State of Oklahoma; and (6) is not and has never been the employer of Johnson and has never made any employment decisions related to Johnson's employment with any subsidiary entity.

In response, Johnson contends KLLM Transport, through its wholly owned subsidiary KLLM, acted as her employer, providing over-the-road long haul and regional transportation services of temperature-controlled and dry good commodities throughout the United States. Specifically, Johnson asserts KLLM Transport and KLLM constitute an "integrated enterprise" such that this Court has jurisdiction over the entirety of the business, whether designated as KLLM Transport, the parent, or KLLM, the subsidiary. To reach this conclusion, Johnson relies upon several pieces of evidence, including (1) advertisements and a website that encourages interested drivers to "Join Our Team"; (2) an Employee Driver Handbook referred to the histories of both KLLM Transport and KLLM and referenced the "KLLM Team"; (3) the two entities operate under

3

the same personnel policies and share the same website, service agent, headquarters, corporate address, officers and directors; (4) the handwriting from the 2007 Corporate Annual Reports appear to be the same; and (5) the driver's logs and vehicle inspection reports prepared by Johnson during her employment were in the name of KLLM Transport.

Johnson also provides an affidavit which states she (1) began her employment with Defendants on July 27, 2006 as a student truck driver; (2) first learned of the employment opportunities with Defendants through an advertisement in a magazine and through Defendants' website; (3) began the employment application process by contacting a toll-free number; (4) was told to submit an application upon calling the number; (5) was contacted by Defendants and told to report for orientation on July 30, 2006; (6) was given the Employee Driver Handbook at the orientation; and (7) was assigned a driver trainer and was required to maintain Driver's Logs and Vehicle Inspection Reports.

In replying to Johnson's response, KLLM Transport attaches a second affidavit from Mr. Richards, which states (1) he is a Director for KLLM Transport; (2) KLLM Transport is the parent corporation of KLLM, owning 100% of the latter's stock; (3) KLLM Transport does not provide KLLM business services related to its trucking business; (4) KLLM Transport does not have any W-2 employees, only its officers and directors, who are not salaried;

4

(5) KLLM Transport and KLLM do not combine accounting records or bank accounts; (6) payroll preparation is not combined since KLLM Transport has no payroll; (7) KLLM Transport does not control the day-to-day employment decisions of KLLM, including the hiring and firing of KLLM employees; (8) Johnson was never an employee of KLLM Transport; (9) KLLM Transport no longer operates any trucking business, although it did at one time; (10) the reference to the "KLLM Team" in the employee handbook means the team of KLLM employees; (11) the driver's log form Johnson utilized was "likely" an old form in use when KLLM Transport operated a trucking company but, in any event, the logs were sent to KLLM to report to the Department of Transportation; and (12) KLLM Transport does not exercise any control over KLLM "beyond what is normally expected in a holding corporation/subsidiary relationship."

This Court first examines Johnson's contention that KLLM Transport and KLLM constitute a single, "integrated enterprise," for jurisdictional purposes. As Johnson indicates, the Tenth Circuit has not applied the "integrated enterprise" or "single employer" test to determine whether jurisdiction is appropriate, except in an unpublished case, <u>Calvert v. Midwest Restoration Services, Inc.</u>, 2002 WL 1023659 (10th Cir. Okla.) and the published cases of <u>Knowlton v. Teltrust Phones, Inc.</u>, 189 F.3d 1177 (10th Cir. 1999), <u>Lockard v. Pizza Hut, Inc.</u>, 162 F.3d 1062, 1070 (10th Cir. 1998), and <u>Frank v. U. S. West, Inc.</u>, 3 F.3d 1357 (10th Cir.

1993). In all of these cases, however, the Tenth Circuit expressly declined to adopt the "integrated enterprise" test but rather examined the facts of the case under the test because the district court and the parties had done so. The test was applied in these cases to determine whether to confer liability upon the parent corporation not to determine the propriety of jurisdiction. Jurisdiction was an issue in <u>Calvert</u>, when the test was applied to determine whether two companies operated an "integrated enterprise" in order to ascertain whether the requisite number of employees existed in the company to assert jurisdiction specifically under Title VII.

Two possible tests could be applied under the case authority available to this Court – the alter ego theory of piercing the corporate protection of the parent or the "integrated enterprise" analysis. The analysis and factors considered are substantially similar. However, since either could be adopted or considered appropriate by the Tenth Circuit, this Court will analyze each in turn.

The evidence indicates KLLM Transport acts as a holding company for KLLM. "[A] holding or parent company has a separate corporate existence and is treated separately from the subsidiary in the absence of circumstances justifying disregard of the corporate entity." <u>Benton v. Cameco Corp.</u>, 375 F.3d 1070, 1081 (10th Cir. 2004) quoting <u>Quarles v. Fuqua Industries, Inc.</u>, 504

F.2d 1358, 1362 (10th Cir. 1974). Factors that have been considered in determining whether a parent can be held liable for the acts of a subsidiary include

> whether the parent owns all of the stock of the subsidiary; whether the corporations have common directors and officers; whether the parent finances the subsidiary; whether the parent caused the subsidiary's incorporation; whether the parent pays salaries or expenses of the subsidiary; whether the subsidiary has business with anyone outside the parent, or assets which have not been transferred to it by the parent; whether the directors and officers act independently in the interest of the subsidiary; whether the formal legal requirements of the subsidiary, such as keeping minutes, are observed; whether there are distinctions between the parent and subsidiary that are routinely disregarded or confused; and, whether the subsidiary has a full board of directors.
>
> Key v. Liquid Energy Corp., 906 F.2d 500, 503 (10th Cir. 1990) quoting Fish v. East, 114 F.2d 177, 191 (10th Cir. 1940).

The evidence presented by the parties on these factors only bears upon stock ownership, commonality of directors, and the responsible party for the payment of salaries and expenses. Generally, the mere ownership by KLLM Transport of KLLM's stock and the commonality of directors does not break down the corporate distinctness of the two entities. McKinney v. Gannett Co., Inc., 817 F.2d 659, 666 (10th Cir. 1987). KLLM Transport did not pay Johnson's salary, rather she was paid by KLLM, Inc., received her offer of employment from KLLM, Inc., and signed other documentation while employed with KLLM, Inc. which indicates that it was Johnson's employer. As a result, this Court cannot conclude KLLM

7

Transport is a mere alter ego of KLLM.

Even if the Tenth Circuit should find the "integrated enterprise" analysis provides the appropriate rubric under which the operations of the two corporate Defendants should be scrutinized, Johnson has not demonstrated KLLM Transport is an appropriate Defendant in this action. The four factors considered in the "integrated enterprise" test are (1) the interrelation of operations; (2) centralized control over labor relations; (3) common management; and (4) common ownership or financial control. Knowlton, 189 F.3d at 1184. "All four factors, however, are not necessary for single-employer status. Rather, the heart of the inquiry is whether there is an absence of an arm's-length relationship among the companies." Id. citing Swallows v. Barnes & Noble Book Stores, Inc., 128 F.3d 990, 996 (6th Cir. 1997); Lihli Fashions Corp. v. NLRB, 80 F.3d 743, 747 (2d Cir. 1996).

Evidence Johnson deems relevant to an examination of the interrelation of operations includes a common website, service agent, headquarters, corporate address, and officers and directors. He contends the annual reports of the two entities were prepared by the same individual. While this latter assertion is mere speculation, some interrelation of the two corporate structures clearly exists.

Lacking, however, is evidence of an interrelationship of operations. This void in the evidentiary record is particularly

apparent when the second factor examining the centralized control over labor relations is considered. Simply put, there is little or no evidence of such control resting in KLLM Transport. KLLM Transport does not provide any business services to KLLM, does not have any W-2 employees, does not combine accounting records or bank accounts, does not prepare KLLM's payroll, and has no input in employment decisions at KLLM, including hiring and firing of employees. Johnson urges this Court to consider such irrelevant evidence as statements made in advertisements and on the company website to "Join the Team," employee manuals that provide the histories of both KLLM Transport and KLLM, and log forms which KLLM Transport's name on them. These matters are all subject to interpretation or explanation but certainly, even if present, do not show the required integration of operations and employment practices required to establish an "integrated enterprise."

The third and final factor to be considered in an "integrated enterprise" is the level of common ownership or financial control. As stated, KLLM Transport is a holding company, owning 100% of the stock in KLLM. Nothing in the case authority suggests this fact is determinative. Additionally, nothing in the record suggests KLLM Transport exercises any extraordinary financial control over KLLM beyond that which is exercised by any parent over a subsidiary as a result of its ownership interest. In short, this Court finds nothing more than a typical arm's length relationship between two

distinct corporations and not an "integrated enterprise."

Having found no basis for invading the separate corporate existence of the two Defendants, this Court must next consider whether jurisdiction exists over KLLM Transport in its own right as a result of contact with this forum. The laws governing jurisdiction of the forum state determine the appropriate standard for establishing jurisdiction over a non-resident defendant in a case based in diversity so long as that exercise does not offend the due process clause of the Fourteenth Amendment of the United States Constitution. Rambo v. American Southern Ins. Co., 839 F.2d 1415, 1416 (10th Cir. 1988). In Oklahoma, the long-arm jurisdictional statute provides that "[a] court of this state may exercise jurisdiction on any basis consistent with the Constitution of this state and of the Constitution of the United States." Okla. Stat. tit. 12 § 2004(F). This language has been interpreted to authorize jurisdiction over non-resident defendants when such an exercise is consistent with the due process clause of the United States Constitution. Williams v. Bowman Livestock Equipment Co., 927 F.2d 1128, 1131 (10th Cir. 1991). Due process and the protections afforded under the Constitutions of both Oklahoma and the United States are satisfied only if the non-resident defendant has sufficient "minimum contacts" with the forum state and the exercise of jurisdiction would not offend "traditional notions of fair play and substantial justice." International Shoe Co. v.

Washington, 326 U.S. 310, 316, 66 S.Ct. 339, 342, 90 L.Ed. 95, 102 (1945). This "minimum contact" standard requires that the court determine that the non-resident defendant "purposefully directed" his activities toward the forum state, thereby deriving a benefit. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 473 (1985). This determination concentrates on the "defendant's conduct and connection with the forum state as such that he should reasonably anticipate being haled into court there." Id at 474 citing World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980). A non-resident defendant will not be brought into a jurisdiction solely as a result of "random," "fortuitous" or "attenuated" contacts or the "unilateral activity of another party or a third person." Id. at 475. This variety of personal jurisdiction is frequently referred to as "specific jurisdiction." Kuenzle v. HTM Sport-Und Freizeitgerate AG, 102 F.3d 453, 455-57 (10th Cir. 1996).

KLLM Transport's affidavits clearly demonstrate a lack of contact with the State of Oklahoma. Indeed, KLLM Transport does not appear to have ever engaged in "random" or "fortuitous" contact with Oklahoma. Accordingly, specific jurisdiction over KLLM Transport is lacking.

The other type of personal jurisdiction is general jurisdiction. General jurisdiction requires a showing that KLLM Transport has sufficient contacts with the State of Oklahoma to "constitute ... continuous and systematic general business

11

contacts." Kuenzle, 102 F.3d at 457 citing Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 416 (1984). In assessing contacts with a forum, courts have considered such factors as: (1) whether the defendant solicits business in the state through a local office or agents; (2) whether the defendant sends agents into the state on a regular basis to solicit business; (3) the extent to which the defendant holds himself out as doing business in the forum state, through advertisements, listings or bank accounts; and (4) the volume of business conducted in the state by the defendant. Id. citing Trierweiler v. Croxton & Trench Holding Corp., 90 F.3d 1523, 1533 (10th Cir. 1996).

Again, Johnson has provided no evidence of any of these types of contacts by KLLM Transport, short of operating a website, with the State of Oklahoma. Certainly, KLLM Transport's affidavit belies any contention it solicits business or holds itself out to do business in Oklahoma. From all indications, KLLM Transport had nothing to do with the employment relationship between Johnson and KLLM occurring within the State of Oklahoma. Considering the evidence presented, this Court must conclude Johnson has failed to prove KLLM Transport has had the type of "systematic and continuous" contacts that is required for a showing of general jurisdiction. Having found that neither specific nor general jurisdiction exists in this Court, KLLM Transport is entitled to be dismissed from this action.

Alternatively, Johnson requests sixty additional days to conduct discovery on a jurisdictional basis for keeping KLLM Transport in this case. The parties have been operating under a Scheduling Order since May 1, 2008. At no time during the pendency of the subject Motions has Johnson come forward with **specific** evidence developed during discovery which would supplement the evidentiary record in support of jurisdiction over KLLM Transport. This time period was more than adequate for Johnson to have conducted discovery on this narrow issue among the substantive issues in the case. No additional discovery is warranted.

Johnson also requests, presumably in the alternative as well, to "transfer this matter to another federal district court which has personal jurisdiction over [KLLM Transport]." That district is asserted by Johnson to be the United States District Court for the Southern District of Mississippi, Jackson Division - the alleged location of KLLM Transport's corporate headquarters.

Johnson has asserted in response to KLLM Transport's motion that this Court possesses jurisdiction over that Defendant based upon it being a part of an "integrated enterprise" not on the basis that KLLM Transport itself engaged in discriminatory conduct. This Court has determined KLLM Transport is not a part of an "integrated enterprise" with KLLM. The evidence indicates Johnson was employed exclusively by KLLM. No basis exists for the continuation of Johnson's claims against KLLM Transport in this or any other forum.

As a result, transferring this action is without justification.

**Statute of Limitations of Claims Against KLLM**

This Court next considers KLLM's request for dismissal. KLLM contends Johnson received her notice of right to sue letter from the EEOC on January 10, 2008. Johnson filed her Amended Complaint, adding KLLM as a party defendant on April 18, 2008, some ninety-nine days after receipt of the right to sue letter. An employee must bring a Title VII action within ninety days after receipt of the notice of right to sue. 42 U.S.C. § 2000e-5(f)(1). The question, then, presented by the parties' briefing is whether the the Amended Complaint should relate back to the date the original Complaint was filed.

The filing and consideration of amendments is governed by Fed. R. Civ. P. 15 and the conditions necessary for relating back an amended pleading is addressed in subsection (c) of that rule. Rule 15(c) provides

> **(c) Relation Back of Amendments.**
>
> **(1) When an Amendment Relates Back.** An amendment to a pleading relates back to the date of the original pleading when:
>
> (A) the law that provides the applicable statute of limitations allows relation back;
>
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out-- or attempted to be set out--in the original pleading; or
>
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period

14

provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

(i) received such notice of the action that it will not be prejudiced in defending on the merits; and

(ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c).

The particular section of Rule 15(c) applicable to this case is Rule 15(c)(1)(C), controlling the relating back of pleadings adding parties. The facts in this case clearly demonstrate that (1) the claim against KLLM arose out of the same occurrences as the claim originally asserted against KLLM Transport; (2) the Amended Complaint was served upon KLLM within the 120 day period required by Fed. R. Civ. P. 4(m); (3) KLLM received notice of this action and will not be prejudiced since KLLM and KLLM Transport share the same counsel, service agent, and corporate address; and (4) KLLM knew or should have known it was the proper party as it was Johnson's employer during the relevant period addressed by the original Complaint. The sole issue remaining is whether Johnson's failure to name KLLM was as a result of a mistake.

KLLM first argues Johnson brought a Charge of Discrimination before and received a Notice of Right to Sue from the EEOC with KLLM's name and should have just mirrored that name on the original Complaint. The record is not so clear as KLLM suggests. Both the Charge and the Notice identify Johnson's employer as "KLLM

Transport Services." KLLM is apparently interpreting the name utilized in these documents without the "Inc." as the d/b/a of KLLM and not as KLLM Transport. In truth, the party identified on the EEOC documents could have been mistakenly KLLM Transport. For whatever reason, Johnson was apparently confused as to the proper defendant to be named. While it might have been prudent for Johnson to name both Defendants in the original Complaint, it is neither prejudicial for KLLM now to defend the allegations in the Amended Complaint of which it most certainly had knowledge nor inconceivable that the naming of KLLM Transport was as a result of mistake. However, contrary to Johnson's suggestions, this Court also finds nothing nefarious or deceptive in the corporate structure of KLLM and KLLM Transport or unfair or unethical in the conduct of Defendants or Defendants' counsel by "hiding in the bushes" (a term used by Johnson) until the statute of limitations expired. Although it might have been a mistake to name only KLLM Transport in the original Complaint, the mistake might have been avoidable by Johnson with appropriate due diligence.

IT IS THEREFORE ORDERED that Defendant KLLM Transport Services, Inc.'s Motion to Dismiss filed April 16, 2008 (Docket Entry #14) is hereby **GRANTED**. Accordingly, Defendant KLLM Transport Services, Inc. is hereby **DISMISSED** from this action.

IT IS FURTHER ORDERED that Defendant KLLM, Inc. d/b/a KLLM Transport Services' Motion to Dismiss Plaintiff's Amended Complaint

filed May 14, 2008 (Docket Entry #32) is hereby **DENIED**.

IT IS SO ORDERED this 23rd day of October, 2008.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE